UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

LEE SIMMONS,

    Plaintiff,

v.                                                                    Civil Case No. 14-cv-11855
                                                                    Honorable Linda V. Parker

CPI APARTMENT FUND 2012, LLC,
HAYMAN COMPANY, U.S. SUBURBAN
BUILDING SERVICES, INC., DANA
M. BENAC, and KRISTEN FIORE,

    Defendants.
_____/

**<u>OPINION AND ORDER GRANTING DEFENDANTS' MOTION TO AMEND AFFIRMATIVE DEFENSES TO WITHDRAW AFFIRMATIVE DEFENSE #17 AND FOR PROTECTIVE ORDER FROM DISCOVERY RELATING TO WITHDRAWN AFFIRMATIVE DEFENSE</u>**

      Plaintiff filed this lawsuit on May 8, 2014, alleging that Defendants violated his civil rights in their ownership and/or management of an apartment complex known as Carnegie Park Apartments. Defendants The Hayman Company, U.S. Suburban Building Services, Inc, Dana M. Benac, and Kristen Fiore (hereafter "Defendants") filed an Answer to the Complaint on June 19, 2014.[1] (ECF No. 12.) As number seventeen of their Affirmative Defenses, Defendants assert that

---

[1] Defendant CPI Apartment Fund 2012, LLC filed its Answer to the Complaint on June 30, 2014. (ECF No. 15.) Its Answer is not at issue in the pending motion.

Plaintiff's claims are barred "[t]o the extent any alleged wrongs were committed after these defendants reasonably relied in good faith on advice of counsel[.]" (ECF No. 12 at Pg ID 89.) Viewing this defense as a waiver of the attorney client privilege, Plaintiff served discovery requests on Defendants seeking *inter alia* information regarding their counsel's advice. Presently before the Court is Defendants' motion to withdraw this affirmative defense and for protective order from discovery relating to the defense, filed September 4, 2014. (ECF No. 22.) Plaintiff filed a response to the motion on the same date. (ECF No. 24.) The Court has concluded that oral argument will not aid in its disposition of the motion and therefore dispenses with oral argument pursuant to Eastern District of Michigan Local Rule 7.1(f). For the reasons that follow, the Court grants Defendants' motion.

## Applicable Law

Rule 15(a) of the Federal Rules of Civil Procedure governs amendments to pleadings and provides that, where leave to amend is required, "leave shall be freely given when justice so requires." Fed. R. Civ. P. 15(a)(2). Leave to amend may be denied when it would result in undue delay, prejudice to the opposing party, or the party has repeatedly failed to cure deficiencies in its pleading. *Foman v. Davis*, 371 U.S. 178, 182 (1962); *Duchon v. Cajon Co.*, 791 F.2d 43, 48 (6th Cir.

2

1986).  " '[T]he longer the period of an unexplained delay, the less will be required of the nonmoving party in terms of a showing of prejudice.' " *Phelps v. McClellan*, 30 F.3d 658, 662 (6th Cir. 1994) (quoting *Evans v. Syracuse City Sch. Dist.*, 704 F.2d 44, 47 (2d Cir. 1983)).  To determine whether the nonmoving party will be prejudiced by the amended claim or defense, a court considers whether the amendment will require the expenditure of significant additional resources to conduct discovery and prepare for trial, whether it will significantly delay the resolution of the dispute, or whether it will prevent the plaintiff from bringing a timely action in another jurisdiction.  *See id.* (citing *Tokio Marine & Fire Ins. Co. v. Employers Ins. of Wausau*, 786 F.2d 101, 103 (2d Cir. 1986)).

## Analysis

Defendants indicate in their motion that when their counsel prepared their Answer to the Complaint, counsel had to balance the waiver of an affirmative defense under Rule 8(c) of the Federal Rules of Civil Procedure by failing to assert and therefore waiving the affirmative defense at issue against the waiver of the attorney-client privilege if the facts of the case do not bear out the defense. Defendants indicate that their counsel sided with including the defense, because Defendants and their counsel lacked specific knowledge with regard to what retaliatory action Plaintiff was alleging in his Complaint.  According to

Defendants, within the next sixty days of filing their Answer, they investigated Plaintiff's allegations and determined that the affirmative defense is not applicable. Defendants informed Plaintiff of their intent to withdraw the defense within the first two weeks of August 2014.

Defendants did not unduly delay in seeking to amend their Answer. Even if the Court found such a delay, Plaintiff has not identified any prejudice he would suffer if Defendants' request to amend their Answer is granted.[2] Plaintiff devotes his entire response brief to addressing Defendants' interpretation of when and to what extent the attorney client privilege is waived based on a defense. The Court concludes that allowing Defendants to withdraw affirmative defense number seventeen will not require Plaintiff to expend significant additional resources to conduct discovery and prepare for trial or significantly delay resolution of the dispute. If anything, removing the issue of what matters are or not waived by the defense likely will enable Plaintiff's claims to be more efficiently litigated and

---

[2]The parties exchanged proposed stipulated orders before Defendants filed their current motion to resolve the issue raised in the motion. (*See* Pl.'s Resp., Exs. B, C.) It appears from Plaintiff's proposed stipulation that he does not object to the withdrawal of the affirmative defense or his discovery related to the defense; however, Plaintiff wanted provisions stating that he could re-submit his discovery requests if the defense is later raised. (*Id.* Ex. C.) Defendants would have to again seek leave to amend their Answer if they wished to raise the defense in the future. Obviously Plaintiff's entitlement to seek discovery with respect to any new defense would have to be seriously considered at that time.

resolved.

Accordingly,

**IT IS ORDERED**, that Defendants' Request to Amend Affirmative Defenses to Withdraw Affirmative Defense #17 and for Protective Order from Discovery Relating to Withdrawn Affirmative Defense [ECF No. 22] is **GRANTED**;

**IT IS FURTHER ORDERED**, that Defendants shall file an Amended Answer within seven (7) days of this Opinion and Order.

                                                             S/ Linda V. Parker  
                                                             LINDA V. PARKER  
                                                             U.S. DISTRICT JUDGE

Dated: September 19, 2014

I hereby certify that a copy of the foregoing document was mailed to counsel of record and/or pro se parties on this date, September 19, 2014, by electronic and/or U.S. First Class mail.

                                                             S/ Richard Loury  
                                                             Case Manager